IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>JOSE MUNOZ,<br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER<br><br>Case No. 2:14-cr-00154<br><br>District Judge David Nuffer |

The Defendant José Munoz moves under Rule 14 of the Federal Rules of Criminal Procedure to sever his case from the remaining joint defendants.[1] Upon careful review of the parties' memoranda, Mr. Munoz's Motion to Sever is DENIED for the reasons set forth below.

## BACKGROUND

According to the facts stated in the briefing, on or about June 13, 2013, two of Mr. Munoz's co-defendants, Carlos Tenengueno and Alejandro Arciniega-Zetin, delivered illicit drugs to an auto shop and received $20,000 in cash.[2] At the auto shop, which was heavily surveilled, Mr. Tenengueno was seen making a phone call.[3] Shortly thereafter, Mr. Munoz arrived and Mr. Tenengueno, who was carrying the $20,000, got into Mr. Munoz's vehicle.[4] While in transit, the Salt Lake City Police Department stopped Mr. Munoz and Mr. Tenengueno and seized the $20,000.[5] Because of the volume of evidence, most concerning other co-

---

[1] Motion to Sever, docket no. 238, filed Feb. 9, 2015.

[2] Government's Response to Defendant's Motion to Sever ("Government's Response"), at 2, docket no. 242, filed Feb. 11, 2015.

[3] *Id.* at 2.

[4] Motion to Sever, at 2; Government's Response, at 2.

[5] Motion to Sever, at 2; Government's Response, at 2.

defendants, and the perceived risk of an unfair criminal proceeding, Mr. Munoz argues his trial should be severed from the trial of the other co-defendants.

## ANALYSIS

"In order to obtain a severance, a defendant must show clear prejudice resulting from joinder at trial."[6] When the defendant does not have a right to the severance, severance is a matter of discretion, and "'the defendant must bear a heavy burden of showing real prejudice to his case.'"[7] The burden requires showing "that the denial of severance would result in actual prejudice to his defense . . . and that this prejudice would outweigh the expense and inconvenience of separate trials."[8] Thus, it is not sufficient to simply show that "a defendant would have a better chance of acquittal in a separate trial, or [to complain] of the spill-over effect of damaging evidence presented against a codefendant."[9]

To attempt to meet this heavy burden, Mr. Munoz argues that "[m]ost of the other defendants have a considerably larger involvement in the overall investigation, and are quoted in hundreds or thousands of the relevant pages [of evidence]."[10] This disproportionate distribution of evidence, Mr. Munoz claims, increases the likelihood of confusing a jury, has potential to violate the Confrontation Clause, and could cause numerous hearsay and relevancy objections.[11] But Mr. Munoz does not provide specific examples of actual prejudice, relying instead on broad issues that are likely to affect many cases with co-defendants.[12] If merely establishing that there

---

[6] *United States v. Strand*, 617 F.2d 571, 575 (10th Cir. 1980).

[7] *United States v. Zander*, No. 2:10-cr-1088 DN, 2012 WL 5416197, *1 (D. Utah Nov. 2, 2012) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979)).

[8] *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009) (internal citations omitted).

[9] *United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014).

[10] Motion to Sever, at 3.

[11] *Id.* at 3–4, 7.

[12] *See id.*

are multiple co-defendants and a large pool of evidence sufficiently shows that there would be incurable jury confusion and violations of the Confrontation Clause, then defendants would always have a separate trial. This is not the rule, however.

In *United States v. Morgan*[13] the defendant similarly moved for severance due to anticipated prejudice from the evidence against other defendants.[14] Nevertheless, the Tenth Circuit affirmed the district court's decision that the prejudice from the "spillover effect of damaging evidence" was not sufficient grounds for severance.[15]

Furthermore, Mr. Munoz has not shown his potential prejudice cannot be cured with limiting instructions. Though he cites *Bruton v. United States*, stating that "[l]imiting instructions to the jury may not in fact erase the prejudice" to co-defendants,[16] the case does not hold that jury instructions cannot be curative in any circumstances. In *Zafiro v. United States*,[17] all defendants moved for severance because their defenses to the drug charges were all mutually antagonistic. But the Supreme Court recommended jury instructions to "cure any risk of prejudice."[18] And the Tenth Circuit has held that "[a] central assumption of our jurisprudence is that juries follow the instructions they receive."[19] Therefore, without a specific showing otherwise, jury instructions will cure any potential prejudice to Mr. Munoz.

Courts have a compelling interest "rooted in judicial efficiency"[20] to group defendants together when the charges are interrelated and the same witnesses would be summoned to

---

[13] 748 F.3d 1024, (10th Cir. 2014).

[14] *Id.* at 1030.

[15] *Id.* at 1043.

[16] *Bruton v. United States*, 391 U.S. 123, 132 (1968).

[17] 506 U.S. 534 (1993).

[18] *Id.* at 539.

[19] *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998).

[20] *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008).

court.[21] Though this interest certainly does not trump Mr. Munoz's right to due process and a fair trial,[22] Mr. Munoz has not met his heavy burden of establishing real prejudice.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Mr. Munoz's Motion to Sever[23] is DENIED.

Signed September 16, 2015.

BY THE COURT

_____
District Judge David Nuffer

---

[21] *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991).

[22] *Bruton*, 391 U.S. at 134 (quoting *People v. Fisher*, 164 N.E. 336, 341(N.Y. 1928) (Lehman, J., dissenting).

[23] Docket no. 238, filed Feb. 9, 2015.